UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JENELL GAYLE,

    Plaintiff,                                          CASE NO.:

vs.

IMPERIAL CLEANERS AND ALTERATIONS, INC,
a Florida Profit Corporation,
d/b/a ONE PRICE DRY CLEANERS

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, JENELL GAYLE (hereinafter "MS. GAYLE"), by and through her undersigned counsel, sues the Defendant, IMPERIAL CLEANERS AND ALTERATIONS, INC (hereinafter "Imperial"), pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., and alleges the following:

### JURISDICTION AND VENUE

1. This Court is vested with federal question jurisdiction over this action pursuant to 28 U.S.C. § 1311 and 29 U.S.C. § 216(b).

2. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

### PARTIES

3. At all times material hereto, MS. GAYLE was and is a citizen and resident of Palm Beach County, Florida, and was an "employee" of IMPERIAL as defined by the FLSA. .

4. IMPERIAL is a Florida Profit Corporation organized and existing under the laws of the State of Florida and duly authorized and licensed to do business in Palm Beach County, Florida and, at all times material, was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1). IMPERIAL was MS. GAYLE's "employer" as defined by the FLSA.

5. IMPERIAL is the owner and operator of One Price Dry Cleaners, wherein it provides dry cleaning services to customers throughout Palm Beach at multiple locations throughout the county, with annual gross sales and/or business volume of $500,000 or more.

6. Venue is proper in the Southern District of Florida because it is the district in which a substantial part of the events giving rise to the claims occurred. In addition, it is a district in which IMPERIAL resides within the meaning of 28 U.S.C. 1391(c).

7. All conditions precedent to the bringing of the claims asserted herein have occurred.

## **GENERAL ALLEGATIONS**

8. MS. GAYLE was employed as a laundry assistant by IMPERIAL from June 18, 2018, through on or about May 17, 2019 such that MS. GAYLE was economically dependent upon IMPERIAL for her livelihood.

9. At all times material, the employer, IMPERIAL acted in the interests of employer, specifically, IMPERIAL within the meaning of 29 U.S.C. 203(d). Therefore, IMPERIAL is liable as an employer.

10. IMPERIAL classified MS. GAYLE as an employee while she worked with the company.

11. MS. GAYLE's rate of pay was preset by IMPERIAL at an hourly rate of $10.00 per hour.

12. During the course of her employment, MS. GAYLE was consistently required to, and did, work in excess of forty (40) hours per week. She was not paid time and one half for those hours worked in excess of forty (40) hours per week as required by 29 U.S.C. 207.

13. Specifically, from June 18, 2018 to May 17, 2019, MS. GAYLE worked at minimum two hundred and thirty (230) overtime hours for which she was paid straight pay at $10.00 an hour instead of overtime pay at $15.00 an hour. *See attached Exhibit A.*

14. The total amount due and owing to MS. GAYLE is $1,150.00, which is subject to change as MS. GAYLE engages in the discovery process, plus liquidated damages. *See attached Exhibit A.*

15. Additionally, at all times, MS. GAYLE was paid via check for a portion of her hours and via cash for the remainder of her hours. Resultingly, upon information and belief, IMPERIAL was not properly reporting MS. GAYLES compensation and hours worked for tax purposes.

16. As a direct and proximate result of the conduct described above, MS. GAYLE has been damaged.

17. IMPERIAL has knowingly and willfully refused to pay MS. GAYLE her legally-entitled wages.

18. Ms. Gayle has been required to retain the undersigned counsel to represent her in this action and is obligated to pay a reasonable fee for serviced rendered.

## COUNT I
## VIOLATION
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## FOR OVERTIME DUE UNDER THE FLSA

19. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-18 above as if set forth herein in full.

20. At all relevant times, IMPERIAL employed MS. GAYLE within the meaning of the FLSA.

21. During MS. GAYLE's employment with IMPERIAL, and at all times relevant to this action, MS. GAYLE regularly worked overtime hours but was not paid time and one-half compensation for same.

22. MS. GAYLE is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

23. IMPERIAL's failure to pay MS. GAYLE overtime compensation at a rate not less than one and one-half times the rate at which she was employed for work performed beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

24. IMPERIAL's actions as alleged in this complaint have been willful and intentional. IMPERIAL has not made a good faith effort to comply with the FLSA with respect to the compensation of MS. GAYLE.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. Due to IMPERIAL's FLSA violations, MS. GAYLE alleges she has suffered damages and is entitled to recover from IMPERIAL the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against IMPERIAL plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

## **JURY TRIAL DEMAND**

Plaintiff, JENELL GAYLE, demands a trial by jury on all issues so triable.

Dated June 27, 2019

                    Respectfully submitted,

                    **The Law Office of Gregory S. Sconzo, P.A.**
                    5080 PGA Boulevard, Suite 213
                    Palm Beach Gardens, FL 33408
                    Telephone: (561) 729-0940
                    Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
**Primary Email:** greg@sconzolawoffice.com
**Secondary Email:** elizabeth@sconzolawoffice.com